**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **vs.** § | |
| § | |
| **ROBERT A. HELMS, ET AL.** § | **Civil Action No.:** |
| § | **1:13-cv-1036-ML** |
| **Defendants,** § | |
| § | |
| **and** § | |
| § | |
| **WILLIAM L. BARLOW, ET AL.,** § | |
| § | |
| **Relief Defendants, solely for the** § | |
| **purposes of equitable relief.** § | |
| § | |

**FINAL JUDGMENT AS TO DEFENDANTS ROBERT A. HELMS,
JANNIECE S. KAELIN, DEVEN SELLERS, AND ROLAND BARRERA**

The Court entered Summary Judgment against Defendants Robert A. Helms, Janniece S. Kaelin, Devin Sellers, and Roland Barrera (collectively, "Defendants") on August 21, 2015.

Therefore:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that each and all of the Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

      (a)     to employ any device, scheme, or artifice to defraud;

      (b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

      (c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:

      (a)     Defendants' officers, agents, servants, employees, and attorneys; and

      (b)     other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that each and all of the Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

      (a)     to employ any device, scheme, or artifice to defraud;

      (b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the

statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:

(a)     Defendants' officers, agents, servants, employees, and attorneys; and

(b)     other persons in active concert or participation with Defendants or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Deven Sellers and Roland Barrera are permanently restrained and enjoined from violating Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)] by directly or indirectly making use of the mails or means or instrumentalities of interstate commerce to effect transactions in, or to induce or attempt to induce, the purchase or sale of securities (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills), without being registered as a broker or dealer, or being associated with a registered broker or dealer in accordance with Section 15(a)(b) of the Exchange Act [15 U.S.C. § 78o(b)]—unless exempted from registration pursuant to Section 15(a)(2) of the Exchange Act [15 U.S.C. § 78o(a)(2)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:

(a)     Defendant Barrera's officers, agents, servants, employees, and attorneys and Defendant Sellers' officers agents, servants, employees, and attorneys; and

(b)     other persons in active concert or participation with Defendant Barrera and/or Sellers or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Robert A. Helms and  Janneice S. Kaelin are jointly and severally liable for disgorgement of $31,422,861, representing proceeds gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $3,873,043.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Robert A. Helms is individually liable for a civil penalty in the amount of $4,221,058 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Janneice S. Kaelin is individually liable for a civil penalty in the amount of $4,221,058 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Deven Sellers and Roland Barrera are jointly and severally liable for disgorgement of $423,500,

representing proceeds gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $36,243.87.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Deven Sellers is also individually liable for a civil penalty in the amount of $150,000 pursuant to Section 20(d) of the Securities Act [15U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Roland Barrera is individually liable for a civil penalty in the amount of $150,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)].

Each and all of the Defendants shall satisfy their obligations by paying the Securities and Exchange Commission within THIRTY ONE (31) days after entry of this Final Judgment as follows:

A.  Helms and Kaelin shall jointly and severally pay $35,295,904;

B.  Helms shall individually pay an additional $4,221,058;

C.  Kaelin shall individually pay an additional $4,221,058;

D.  Sellers and Barrera shall jointly and severally pay $459,743.87;

E.  Sellers shall individually pay an additional $150,000; and

F.  Barrera shall individually pay an additional $150,000.

Each Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov at http://www.sec.gov/about/offices/ofm.htm.  Each

Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying the Defendant by name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Each Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after THIRTY ONE (31) days following entry of this Final Judgment. Each Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, no Defendant shall, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that Defendant is entitled to, nor shall Defendant further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against any or all Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

V

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment. There being no just reason for delay, however, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.  This Final Judgment is intended to terminate and dispose of all claims as to Defendants Robert A. Helms, Janniece S. Kaelin, Devin Sellers, and Roland

Barrera and to render this Court's August 21, 2015 Summary Judgment Order final and appealable, pursuant to Rule 54(b) of the Federal Rules of CivilProcedure.

**SIGNED** October 21, 2015.

_____

MARK LANE
UNITED STATES MAGISTRATE JUDGE