FILED
2016 AUG -8  PM 1:43

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>    Plaintiff, | § § § § | |
| v. | § § | |
| ROBERT A. HELMS, et al.<br>    Defendants, | § § § § | A-13-CV-01036 ML |
| and | § § | |
| WILLIAM L. BARLOW and GLOBAL CAPITAL VENTURES, LLC,<br>    Relief Defendants, solely for<br>    the purpose of equitable relief. | § § § § § | |

### FINAL JUDGMENT OF PERMANENT INJUNCTION AS TO DEFENDANTS VENDETTA ROYALTY PARTNERS, LTD.; VENDETTA ROYALTY MANAGEMENT, LLC; VESTA ROYALTY PARTNERS, LP; VESTA ROYALTY MANAGEMENT, LLC; IRON ROCK ROYALTY PARTNERS, LP; IRON ROCK ROYALTY MANAGEMENT, LLC; ARCADY RESOURCES, LLC; BAREFOOT MINERALS, G.P.; G3 MINERALS, LLC; HALEY OIL COMPANY, INC.; LAKE ROCK, LLC; SEBUD MINERALS, LLC; AND TECHNICOLOR MINERALS, G.P.

The Securities and Exchange Commission having filed a Complaint and Defendants Vendetta Royalty Partners, Ltd.; Vendetta Royalty Management, LLC; Vesta Royalty Partners, LP; Vesta Royalty Management, LLC; Iron Rock Royalty Partners, LP; Iron Rock Royalty Management, LLC; Arcady Resources, LLC; Barefoot Minerals, G.P.; G3 Minerals, LLC; Haley Oil Company, Inc.; Lake Rock, LLC; Sebud Minerals, LLC; and Technicolor Minerals, G.P. (collectively, "the Defendants") having by written consent ("Consent") entered a general appearance; consented to the Court's jurisdiction over Defendants and over the subject matter of this action; consented to entry of this Final Judgment ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise

provided herein in paragraph VI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any

security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable with Defendant Robert A. Helms and Defendant Janniece S. Kaelin to disgorge $5,641,257 of Helms and Kaelin's $31,422,861 disgorgement liability previously ordered in this case (doc. 292). Payment of the $5,641,257 is deemed to have been fully satisfied as of the date of this Final Judgment by the Receiver's collection of $5,641,257 already in this case.

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the claims by the Securities and Exchange Commission to civil penalties and prejudgment interest against the Defendants are dismissed with prejudice.

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that

Defendants shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 8/8/2016

MARK LANE
UNITED STATES MAGISTRATE JUDGE