# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> ROBERT A. HELMS, JANNIECE S. KAELIN, § <br> DEVEN SELLERS, ROLAND BARRERA, § <br> VENDETTA ROYALTY PARTNERS, LTD., § <br> VENDETTA ROYALTY MANAGEMENT, LLC, § <br> VESTA ROYALTY PARTNERS, LP, § <br> VESTA ROYALTY MANAGEMENT, LLC, § <br> IRON ROCK ROYALTY PARTNERS, LP, § <br> IRON ROCK ROYALTY MANAGEMENT, LLC, § <br> ARCADY RESOURCES, LLC, § <br> BAREFOOT MINERALS, G.P., § <br> G3 MINERALS, LLC, § <br> HALEY OIL COMPANY, INC., § <br> LAKE ROCK, LLC, SEBUD MINERALS, LLC § <br> AND TECHNICOLOR MINERALS, G.P., § <br> *Defendants,* § <br> § <br> and § <br> § <br> WILLIAM L. BARLOW AND GLOBAL § <br> CAPITAL VENTURES, LLC, § <br> *Relief Defendants*. § | Civil Action No. 1:13-cv-01036-LY |

## [PROPOSED]

### ORDER (1) APPROVING FINAL DISTRIBUTION OF ASSETS; (2) APPROVING FINAL PAYMENT OF FEES AND EXPENSES; (3) TURN OVER MONITORING OF CERTAIN JUDGMENTS AND CLAIMS TO THE SECURITIES AND EXCHANGE COMMISSION; (4) AUTHORIZING THE RECEIVER TO STORE, MAINTAIN, ABANDON OR DESTROY ALL BOOKS AND RECORDS OF THE RECEIVERSHIP ESTATE; AND (5) CLOSING THE RECEIVERSHIP AND DISCHARGING THE RECEIVER

This Court has considered Court-appointed Receiver Thomas L. Taylor III's (the "Receiver") Motion to (1) Approve Final Distribution of Assets, (2) Approve Final

Payment of Fees and Expenses, (3) Turn Over the Monitoring of Certain Receivership Judgments and Claims to the Securities and Exchange Commission (the "Commission" or "SEC") and (4) Authorize the Receiver to Store, Maintain, Abandon or Destroy all Books and Records of the Receivership Estate; and (5) Close the Receivership and Discharge the Receiver (the "Motion for Discharge"); and all opposition, responses or objections thereto, if any; and having determined that the Motion is fully supported by the written submissions, the Motion is hereby **GRANTED** in all respects.

**IT IS THEREFORE ORDERED** that the Receiver distribute, pursuant to the Plan of Distribution approved by this Court on August 8, 2016 (Dkt. 329), all remaining funds held in accounts of the Receivership Estate after payment of final fees and expenses;

**IT IS FURTHER ORDERED** that the following are approved and authorized: (i) the payment of $50,989.95 in fees and expenses incurred by The Taylor Law Offices, P.C., (ii) the payment of $12,692.00 to Gossett PC, and (iii) the payment of $855.00 to Hufford PC.

**IT IS FURTHER ORDERED** that Staff of the SEC is authorized to monitor monitor the collectability of the Outstanding Claims as described in the Motion for Discharge;

**IT IS FURTHER ORDERED** that the Receiver, its agents, employees, members, officers, independent contractors, attorneys, and retained and/or appointed professionals, and their respective agents and representatives ("Receiver Released Parties"), are released from all claims and liabilities arising out of and/or pertaining to the Receivership

and from all claims and liabilities that were asserted and/or could have been asserted in the Receivership and/or in connection with the Receiver's administration of the Receivership, including without limitation (a) all claims for relief and causes of action asserted in or that could have been asserted by any of the parties to this case or their current or former counsel, and (b) all claims for relief and causes of action that could have been asserted against the Receiver Released Parties by creditors, claimants, consumers, consultants, experts, vendors, purchasers (actual or prospective), clients and any other persons arising out of the Receiver's activities or those of his professionals in connection with the Receivership; and

**IT IS FURTHER ORDERED** that, subject to completion of the foregoing final payment of fees and expenses, final distributions to investors and disposition of books and records, the Receivership is hereby terminated and Receiver is discharged from any further obligation to any party under the Order Appointing Receiver (Dkt. 11) and the Amended Order Appointing Receiver (Dkt. 76) without need of further order of this Court.

**IT IS FURTHER ORDERED** that upon termination of the Receivership as provided herein, the Receiver is authorized to store, maintain, abandon or destroy all books and records of the Receivership Estate under his control.

4

Signed at Austin, Texas this _____ day of _____, 2018.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE